UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE RACHELLE B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-6082-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income.[1] Plaintiff contends the administrative law judge ("ALJ") erred in assessing medical opinions. (Dkt. # 9.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1969, has a high school education, and has worked as a bartender. AR at 98, 395. Plaintiff was last gainfully employed in 2010. *Id.* at 376.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

On October 23, 2018, Plaintiff applied for benefits, with an amended alleged disability onset date of November 28, 2018. AR at 90. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted hearings on November 16, 2021, and July 21, 2022, the ALJ issued a decision finding Plaintiff not disabled.[2] *Id.* at 17-62, 90-100.

Using the five-step disability evaluation process,[3] the ALJ found, in pertinent part, Plaintiff had the severe impairments of post-traumatic stress disorder and persistent depressive disorder. AR at 93. The ALJ found Plaintiff could perform simple, low stress work, with occasional interactions with supervisors, coworkers, and the public. *Id.* at 95.

Plaintiff requested review by the Appeals Council. AR at 327. The Appeals Council granted review based on an error not at issue here related to amending the alleged onset date. *Id.* at 5. The Appeals Council "adopt[ed] the [ALJ's] findings or conclusions regarding whether the claimant is disabled." *Id.* at 4-6, 329-32. The Court thus reviews the reasoning of the ALJ's decision as the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

---

[2] The November 2021 hearing does not appear in the record. *See* Court Transcript Index (dkt. # 7 at 2-5).

[3] 20 C.F.R. § 416.920.

ORDER - 2

1   (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

Plaintiff contends the ALJ erred by failing to evaluate the 2018 opinion of Tasmyn Bowes, Psy.D., rejecting Dr. Bowes' 2020 opinion, and failing to evaluate the 2020 opinion of Holly Petaja, Ph.D., agreeing with Dr. Bowes' 2020 opinion. (Dkt. # 9 at 3-11.) The Commissioner contends the ALJ gave valid reasons to discount Dr. Bowes' 2020 opinion and those reasons apply equally to Dr. Bowes' 2018 opinion and Dr. Petaja's 2020 opinion. (Dkt. # 13 at 2-8.)

In April 2018, Dr. Bowes examined Plaintiff and reviewed an August 2017 psychological evaluation by Alex Crampton, Psy.D. AR at 476. Dr. Bowes opined Plaintiff was unable to maintain regular, punctual attendance within a schedule, communicate effectively, maintain appropriate behavior, complete a normal workday and work week without interruptions from psychologically based symptoms, and plan. *Id.* at 479. Dr. Bowes further opined Plaintiff had

ORDER - 3

marked limitations in performing detailed tasks, learning new tasks, performing routine tasks without special supervision, adapting to changes, and asking simple questions or requesting assistance. *Id.* Dr. Bowes opined the limitations would last 18 months with available treatment. *Id.* at 480.

On March 16, 2020, Dr. Bowes examined Plaintiff and opined that Plaintiff was unable to maintain regular, punctual attendance within a schedule and had marked limitations in performing detailed tasks, adapting, communicating, maintaining appropriate behavior, and planning. AR at 508. Dr. Bowes opined the limitations would last at least twelve months. *Id.* at 509. On March 20, 2020, Dr. Petaja reviewed Dr. Bowes' 2020 evaluation and found the limitations and duration supported by the medical evidence. AR at 517.

A. **The ALJ Erred in Discounting Dr. Bowes' 2020 Opinion**

The ALJ found Dr. Bowes' 2020 opinion of "limited persuasiveness." AR at 97. While the opinion was supported by Dr. Bowes' mental status examination, the ALJ found the opinion inconsistent with the longitudinal record, specifically Plaintiff's "normal and abnormal mental status examinations; her conservative treatment; her subjective complaints; and her activities of daily living[.]" *Id.*

The ALJ acknowledged that many examinations during the relevant period revealed abnormal mental status findings such as disheveled appearance, agitated and irritable behavior, tearful affect, scattered thought process, impaired memory, impaired concentration, somnolent behavior, poor attention and concentration, depressed mood, anxious mood, rapid and pressured speech, and impaired judgment. AR at 96 (citing *id.* at 509-10, 569, 604). The ALJ also noted that at some examinations, Plaintiff was alert, oriented, pleasant, cooperative, attentive, calm,

ORDER - 4

and interactive, with normal speech, perception, insight and judgment, memory, attention and concentration, and thought process. *Id.* (citing *id.* at 510-11, 539-40, 569, 575, 590).

The ALJ did not provide any analysis of this mix of clinical observations. Merely listing the normal and abnormal findings does not explain why the ALJ considered the normal results more significant. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). The ALJ's reasoning is too vague and conclusory for the Court to meaningfully review. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (Although a reviewing court "will not fault the agency merely for explaining its decision with 'less than ideal clarity,' . . . we still demand that the agency set forth the reasoning behind its decision in a way that allows for meaningful review.") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

The ALJ discounted Dr. Bowes' opinion because Plaintiff "was treated conservatively with medication and therapy." AR at 96 (citing *id.* at 506, 535). An ALJ may properly discount claimant testimony when the record shows the claimant "responded favorably to conservative treatment[.]" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008); *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (The plaintiff's credibility was diminished because his "ailments were treated with an over-the-counter pain medication."). Assuming an ALJ may discount medical opinions on the same grounds, here the ALJ did not find Plaintiff responded favorably to medication and therapy. The ALJ also did not identify any less-conservative treatment Plaintiff would have been expected to undergo. Simply labeling treatment conservative is insufficient to discount a medical opinion.

The Commissioner cites *Honeycutt v. Kijakazi* to argue that the Ninth Circuit deems medication and therapy conservative. (Dkt. # 13 at 4 (citing 2022 WL 3006359, at *1 (9th Cir. July 28, 2022)).) But in *Honeycutt*, the Ninth Circuit affirmed the ALJ's decision where the plaintiff's "symptoms were generally well-controlled on medication." 2022 WL 3006359, at *1; *see also Katarina G. v. Comm'r of Soc. Sec.*, 2024 WL 1513616, at *2 (W.D. Wash. Apr. 8, 2024) (conservative treatment "helped in decreasing [plaintiff's] symptoms."). The ALJ here did not make such a finding. Conservative treatment was not a sufficient reason to discount Dr. Bowes' opinions.

The ALJ cited Plaintiff's subjective complaints but failed to explain how they conflicted with or undermined Dr. Bowes' opinion. AR at 97. This was not a valid reason to discount Dr. Bowes' opinion.

Finally, in discounting Dr. Bowes' opinion, the ALJ stated Plaintiff's activities "are consistent with the . . . mental limitations" in the RFC. AR at 97. The Commissioner urges the Court to look to the portion of the ALJ's decision finding Plaintiff did not have a listed impairment. (Dkt. # 13 at 5.) The Commissioner argues the ALJ's finding that Plaintiff could use public transportation contradicts Dr. Bowes' opinion of marked difficulty performing detailed tasks, because Plaintiff could "remember and apply information regarding routes and locations[.]" (*Id.*) There is no suggestion that the route information was detailed or complex, however. The Commissioner contends Plaintiff's reported hobbies of gardening, crocheting, and reading required concentration and persistence. (*Id.* at 6.) These activities do not, however, appear to contradict any of Dr. Bowes' specific opinions such as, for example, an inability to maintain punctual attendance for a full-time work week. The Commissioner contends using public transit and shopping at stores requires "some degree" of appropriate behavior and

communication. (*Id.*) While that may be true, these activities do not contradict the opined marked limitation in communicating effectively and maintaining appropriate behavior for 40 hours per week.

Conflict with a claimant's activities may justify rejecting a medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The Commissioner has not shown any actual conflict, however. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). Conflict with Plaintiff's activities was not a valid reason to discount Dr. Bowes' opinions.

Because the ALJ did not provide a valid reason to discount Dr. Bowes' 2020 opinions, the Court concludes the ALJ erred. Accordingly, the Commissioner's argument that the ALJ's reasons apply to Dr. Bowes' 2018 opinion and Dr. Petaja's 2020 opinion also fails.

**B.     Scope of Remand**

Plaintiff requests remand for an award of benefits or, in the alternative, for further administrative proceedings. (Dkt. # 9 at 11-12.) The Commissioner contends conflicts remain and award of benefits is inappropriate. (Dkt. # 13 at 8-11.)

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Court may remand for benefits where (1) the ALJ fails to provide legally sufficient reasons for rejecting evidence; (2) the record is fully developed such that there are no "outstanding issues that must be resolved before a determination of disability can be made"; and (3) the improperly discredited evidence would require the ALJ to find the claimant disabled on remand. *Treichler v.*

ORDER - 7

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Plaintiff has made no effort to show that all conflicts in the record have been resolved and thus no outstanding issues remain for the ALJ to resolve. The Court concludes an award of benefits is inappropriate here.

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should evaluate Dr. Bowes' and Dr. Petaja's opinions, reassess the RFC as necessary, and proceed to step five as appropriate.

Dated this 20th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge